| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/11/2022 |
| EILEEN MENDEZ, *as Legal Guardian of A.C., et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>DAVID C. BANKS, *in his official capacity as Chancellor of the New York City Department of Education*; and NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>　　　　　　　　　　Defendants. | 1:22-cv-08397 (MKV)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

　　The Plaintiffs, parents of five students with disabilities who are currently enrolled at the International Academy for the Brain ("iBrain"), filed their Complaint on September 30, 2022. *See* Complaint ¶ 6 [ECF No. 1] ("Compl."). The Complaint alleges that the New York City Department of Education and its Chancellor (collectively, the "DOE") have failed to fund the children's pendency placements for the 2022–2023 school year. Compl. ¶ 6.

　　Within days of filing the Complaint, the Plaintiffs filed a Proposed Order to Show Cause seeking a preliminary injunction and an order that the DOE "immediately implement each Student's Pendency Order, by funding the Students' tuitions and related services, including transportation and nursing, where applicable, for the 2022-2023 extended school year." *See* Proposed Order to Show Cause [ECF No. 6]; Memorandum of Law 17 [ECF No. 8] ("Pl. Mem."). The Court scheduled and held a hearing on Plaintiffs' motion for a preliminary injunction on October 11, 2022. *See* Order [ECF No. 12].

　　The Plaintiffs are five sets of parents suing on their behalf and on behalf of their minor children. Compl. ¶ 6. They allege that the DOE has "failed to fund" their children's pendency

placements for the 2022–2023 extended school year.  Compl. ¶ 6.  Three of the children received Orders on Pendency ("OPs") less than one month before this action was filed.  *See* Compl. ¶¶ 21, 36, 51.  The remaining two Plaintiffs have acquired Pendency Implementation Forms but had not received formal OPs by the time this action was filed.  *See* Compl. ¶¶ 66–70; 81–85.  Importantly, Plaintiffs do not allege that their children's educational placements at iBrain are at risk.

The DOE does not contest that Plaintiffs are entitled to funding and/or reimbursement for the services at issue as directed in the underlying OPs and Pendency Implementation Forms.  *See* Defendant Letter Motion 2 [ECF No. 10] ("Def. Letter").  And the DOE further represents that, as of October 7, 2022, "all payments are in process."  Defendant Reply Letter 1, 5 [ECF No. 13].

To receive a preliminary injunction, Plaintiffs must show (1) "a likelihood of success on the merits," (2) that they are "likely to suffer irreparable injury," (3) that "the balance of hardships tips in [their] favor," and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction."  *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (cleaned up).  Because this dispute is about educational *funding*—not educational *placements*—Plaintiffs are unable to show that their harm is irreparable.  *See Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 918 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.").

Plaintiffs argue that 20 U.S.C. § 1415(j) entitles them to an "automatic preliminary injunction" and therefore, that they need not show irreparable harm under the traditional preliminary injunction standard.  Pl. Mem. 10–13.  This argument is unpersuasive.  The language of § 1415(j) speaks clearly to educational *placement*—not funding.  *See* § 1415(j) ("[D]uring the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the

2

then-current educational placement of the child."). And Plaintiffs have failed to allege that the delay in disbursing funds will affect the students' educational placements in any way.

Plaintiffs' authority does not undermine this conclusion. In *Zvi. D. v. Ambach*, 694 F.2d 904 (2d Cir. 1982), the Second Circuit discussed the issue of pendency funding only as it "directly affect[ed] placement." *Abrams v. Carranza*, No. 20-CV-5085 (JPO), 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020) (Oetken, J.) (discussing *Zvi. D.*, 694 F.2d at 906), *aff'd sub nom. Abrams v. Porter*, No. 20-3899-CV, 2021 WL 5829762 (2d Cir. Dec. 9, 2021). Several courts in this Circuit have therefore denied preliminary injunctions in cases similar to this one. *See, e.g.*, *Abrams*, 2020 WL 4504685, at *1 ("Here, should DOE not reimburse iBrain for Students' placements in a reasonable manner and timeline, Students may . . . seek remedies for such harm in the underlying suit. A temporary restraining order or preliminary injunction mandating immediate payment, however, is not warranted, as Students have failed to demonstrate a threat of irreparable harm, and the authority they cite for the notion that pendency requires an 'automatic injunction' involved placement, not funding."); *Beckford v. Carranza*, No. 21-CV-0462(EK)(PK), 2021 WL 796085, at *1 (E.D.N.Y. Mar. 2, 2021) (Komitee, J.) ("Plaintiffs contend that because the pendency statute operates as an 'automatic injunction,' funding of pendency placement should also happen automatically—that is, instantaneously. The Court is unpersuaded by this argument." (citation omitted)).

Accordingly, Plaintiffs' application for a Preliminary Injunction [ECF No. 6] is DENIED. *See Hidalgo et al. v. Porter et al.*, 1:21-cv-10794 (JGK) (S.D.N.Y. Apr. 29, 2022) [ECF No. 33]. The Clerk of Court is respectfully requested to terminate docket entry 10 as moot. The parties are instructed to continue conferring in good faith and to provide a joint status letter on or before October 28, 2022.

**SO ORDERED.**

**Date:   October 11, 2022**
          **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**